FILED
2018 JAN 10 PM 5: 11
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § CRIMINAL NO. SA: |
| Plaintiff, | § SA18CR0013XR |
| v. | § REDACTED INDICTMENT |
| PAUL CASEY WHIPPLE, | § [In violation of: |
| | § 18 U.S.C. § 2251(a) |
| | § Production of Child Pornography; |
| | § 18 U.S.C. § 2252A(a)(2) |
| | § Distribution of Child Pornography; |
| Defendant. | § 18 U.S.C. §2252A(a)(5)(B) |
| | § Possession of Child Pornography] |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
[18 U.S.C. § 2251(a)]

On or about July 22, 2015, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly employ, use, persuade, induce, entice and coerce, a minor, CV1, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and which visual depiction has actually been transmitted in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

<u>COUNT TWO</u>
[18 U.S.C. § 2251(a)]

On or about July 21, 2016, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly employ, use, persuade, induce, entice and coerce, a minor, CV1, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct and

which visual depiction has actually been transmitted in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT THREE
[18 U.S.C. § 2251(a)]

On or about June 7, 2017, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly employ, use, persuade, induce, entice and coerce, a minor, CV1, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct and which visual depiction has actually been transmitted in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT FOUR
[18 U.S.C. § 2251(a)]

On or about June 10, 2017, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly employ, use, persuade, induce, entice and coerce, a minor, CV1, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct and which visual depiction has actually been transmitted in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

## COUNT FIVE
[18 U.S.C. § 2252A(a)(2)]

Between March 19, 2014, and July 2017, the exact date being unknown to this Grand Jury, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), specifically, the video file titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, in and affecting interstate and foreign commerce, by any means, including by computer,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

<u>**COUNT SIX**</u>
[18 U.S.C. § 2252A(a)(2)]

Between April, 2015 and July 2017, the exact date being unknown to this Grand Jury, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), specifically, the video file titled ▮▮▮▮▮▮, in and affecting interstate and foreign commerce, by any means, including by computer,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

<u>**COUNT SEVEN**</u>
[18 U.S.C. § 2252A(a)(2)]

Between November 14, 2015 and July 2017, the exact date being unknown to this Grand Jury, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), specifically, the video file titled ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, in and affecting interstate and foreign commerce, by any means, including by computer,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT EIGHT
[18 U.S.C. § 2252A(a)(2)]

Between March 4, 2016, and July 2017, the exact date being unknown to this Grand Jury, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), specifically, the video file titled ▮▮▮▮▮▮▮▮▮▮, in and affecting interstate and foreign commerce, by any means, including by computer,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT NINE
[18 U.S.C. § 2252A(a)(2)]

Between March 4, 2016, and July 2017, the exact date being unknown to this Grand Jury, within the Western District of Texas, and elsewhere, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly distribute any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), specifically, the video file titled ▮▮▮▮▮▮▮▮▮▮, in and affecting interstate and foreign commerce, by any means, including by computer,

All in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT TEN
[18 U.S.C. § 2252A(a)(5)(B)]

On or about December 19, 2017, within the Western District of Texas, the Defendant,

**PAUL CASEY WHIPPLE,**

did knowingly possess material, specifically, a Western Digital 1TB hard drive, which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor, and which had been shipped and transported using any means

4

and facility of interstate and foreign commerce, and was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer,

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### Sexual Exploitation of Children Violations and Forfeiture Statutes

As a result of the foregoing criminal violations set forth above, the United States of America gives notice to Defendant, PAUL CASEY WHIPPLE of its intent to seek the forfeiture of certain property subject to forfeiture, including but not limited to the digital and electronic devices seized by law enforcement during the investigation of this case, upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 2253(a)(1), (2), and (3), which states:

> **Title 18 U.S.C. § 2253. Criminal forfeiture**
> (a) **Property subject to criminal forfeiture.**-A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2251B of this chapter, or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in-
>
>> (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
>> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

A TRUE BILL.

███████████████

_____
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

BY: _____
TRACY THOMPSON
Assistant United States Attorney